## WILLIAM LARKIN v. JAMES BRIAN.

High Court of Errors and Appeals.   August 13, 1826.

*Ridgely's Notebook V, 66.*

*McLane* for plaintiff.   *Wales* for defendant.   .   .   .

*Mr. Wales.* [The question is] whether on diminution being alleged after errors assigned, a *certiorari* can be ordered. ˙ In ·the record there is an allegation of diminution, and that can be only ascertained by a *certiorari*.   The error, if there is one, is a misprision of the clerk.   This can be amended only in the court below.   Defendant in error can take no step till errors are assigned.   A *scire facias* issues to hear errors, and then after the assignment he comes in and then inspects the errors, and if there is a diminution, then he may allege it.   No case where a diminution has been alleged till after errors assigned. 2 Ld.Raym. 1570, *Tully v. Sparks,* a clerical mistake, amended below, and then judgment affirmed.   3 Johns. 95.   3 Term. 659. 4 M. & S. 94, damages given by jury exceeding damages laid in the declaration.   On error, a *remittitur* was allowed to be entered after joinder in error.   2 Saund. 101, part 1, plaintiff, at any time before *in nullo est erratum,* may issue *certiorari.* Johns.Dig. 33, the *jurata* and *distringas* may be amended without costs after verdict.   Cites 1 Johns.Cas. 220, Tidd Pr. 834,˙ 835.

*Mr. McLane* for plaintiff in error. Tidd Pr. 662. 2 Ld.Raym. 1122. 2 Tidd Pr. 1102.

THE CHANCELLOR delivered the opinion of the Court the 17th June. In the record returned, it is certified that the jury, "being solemnly sworn and affirmed to try the issues," found for the defendant. In the allegation of diminution it is said that the record transmitted to this Court is diminished in not certifying that the jurors were solemnly sworn and affirmed "to try the issues and a true verdict give according to the evidence." And the defendant in error prays that a writ of *certiorari* may be directed to the Justices of the Supreme Court to certify that "the said jurors were solemnly sworn and affirmed to try the issues and a true verdict give according to the evidence"; and also more fully to certify the truth of the premises.

At the August Term of this Court, in the year 1825, there was a quorum of this Court sitting in this cause to proceed to business and hear the case, and to render a judgment. The assignment of errors was filed on the first day of August in that year, which was the first day of the term; and at that term the diminution of the record might have been, and perhaps should have been alleged. The plaintiff might have had a rule to plead by the first rule day in vacation, and if such rule had been obtained, the defendant must have pleaded according to the rule; and after the defendant had pleaded it would have been too late to allege diminution. But no such rule was obtained; no plea has been put into the assignment of errors, and now the defendant is in time to allege diminution. Though we say it would have been too late to allege diminution after a plea of *in nullo est erratum,* we do not mean to say that under no circumstances could a writ of *certiorari* have been awarded. After *in nullo est erratum* pleaded, neither plaintiff nor defendant can allege diminution, for by the plea and the joinder the record is admitted to be perfect; but the Court, to inform their conscience, might award a *certiorari.* In *Meredith v. Davis,* 1 Salk. 270, the court awarded a *certiorari* for their own satisfaction, there being an affidavit that the record was right below.

The prayer of the defendant is that a *certiorari* should be directed to the Justices of the Supreme Court to certify that "the jurors were sworn to try the issues and a true verdict give according to the evidence." The record transmitted here contains the whole oath of the jurors as it is certified by the Justices of the Supreme Court, and according to the admission of the counsel of the defendant in error in his argument here of this cause. It is frankly admitted by him that the record, as it exists below,

has come up to this Court correctly; and that his object is to obtain an amendment below, and then to have such amended record certified to this Court. If this were a case in which an amendment could be made below, there would probably be no objection to awarding a *certiorari.* But as the oath taken by the jury cannot be added to, nor diminished, and as it is substance and not form, the record cannot, in this particular, be amended. A different oath from that taken by the jurors cannot be inserted in the record. In the case of *Godwin and Adams v. the Lessee of Jesse Green,* at August, 1816, the judgment was reversed by the unanimous opinion of this Court, for a similar fault; and that judgment has been followed by the cases of *Lyman v. Latimer,* and *Jones v. Dehorty's Lessee.*

Unless the jury is properly sworn they cannot try the issues, and a trial under such circumstances is no trial, and consequently no judgment can be rendered on a verdict had in such a way; or at least no judgment for a recovery, or that the defendant shall go without day. The oath may be said to be the commission, or authority for the jury to hear the cause and render a verdict, and without it the trial is *coram non judice.* The administering the oath improperly is not a clerical mistake; it is the substance by which only a verdict can be obtained upon which a judgment can be grounded. In the English books, in the investigation of this subject, we discover several reversals of judgments for such a cause, and if it were a clerical mistake, it is strange, considering the many statutes there for amendments, that a single reversal of a judgment should have been there made. In the reversal of judgments, for the same cause, by this court, it has been considered to be a substantial defect and such as to vitiate the verdict and judgment which followed. The case of *Tully v. Sparks,* 2 Ld.Raym. 1570, which was principally relied on by Mr. Wales, was deemed to be an error, or misprision of the clerk; and the court considered it amendable by the Statute 16 & 17 Car. II, c. 8; for, although it was not expressly included in that Statute, yet it was held to be of the like nature with the case provided for by that Statute, and upon that principle the amendment was made. It was by virtue of that Statute, and without the Statute the amendment could not have been made. The same case is also reported in Str. 867, and thus also it clearly appears that the Statute governed the court in making the amendment.

*Certiorari* refused.